# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RONNY DERRICK and ANGIE DERRICK, a married couple,

    Plaintiffs,

v.                                                Case No. 2:17-cv-01245-RB-SMV

STANDARD NUTRITION COMPANY, a Nebraska
Corporation, dba A-C Nutrition, LP, a Texas
limited partnership; JOHN DOES 1-5; and
XYZ Corporate or Business Entities 1-5,

    Defendants.

## **PROTECTIVE ORDER**

Defendant asserts that its animal feed product information and documents constitute proprietary material and therefore should be protected. Plaintiffs do not oppose entry of a confidentiality order. On that basis,

IT IS ORDERED that:

1.     This Order shall control the Protected Discovery.

2.     For the purposes of this Order, "Protected Discovery" shall mean any documents and/or information concerning Defendant Standard Nutrition Company's animal feed products, which is produced by Defendants and designated confidential. "Protected Discovery" may also include information requested from third parties which includes formulary information relating to the feed products of Defendants not available to the public, but only if designated by Defendants as confidential. Plaintiffs may contest the designation of Protected Discovery. If the parties are unable to resolve whether documents or information is Protected Discovery within 21 days after Plaintiffs contest such designation in writing, either party may file a motion for a

determination as to whether the designation is appropriate. The burden shall rest with the party seeking confidentiality to demonstrate that such designation is proper.

3. Defendant Standard Nutrition Company ("Defendant"), through their counsel or one or more of their respective officers, may designate as Protected Discovery any portion of documents and/or information containing reference to Defendant's animal feed products at any deposition, trial, or other proceeding in this action. In the event of such designation, the party seeking confidentiality shall make arrangements with the reporter attending such deposition, hearing, or trial to bind the confidential portions of such transcript separately and label such portion, including confidential exhibits, as "confidential."

5. When Protected Discovery is presented, quoted, or referenced in any deposition, hearing, trial or other proceeding in this action, counsel for Defendant, after reasonable notice, may make arrangements, or when appropriate, request the court to make arrangements, to ensure that only persons identified in paragraph 6 below are present during such presentation, quotation, or reference.

6. The documents and/or information given or produced in this action and designated as Protected Discovery by Defendant in accordance with this Order shall be treated by the parties and their counsel of record as confidential. It may be reviewed and copied by them; however, the use and disclosure of Protected Discovery by the parties to whom such documents and/or information is disclosed shall be confined to use for their respective claims and defenses; all other use and disclosure by them during the pendency of this action or after its termination is hereby prohibited. In addition to these restrictions, unless agreed to in writing by counsel for the parties to this litigation, by counsel, or permitted by further order of the Court, the persons or entities to whom

Protected Discovery is disclosed may themselves disclose such information only to the following persons and under the following conditions:

    a. To counsel of record, their associated attorneys, and their regularly employed support staff, including paralegal and clerical personnel, engaged in the conduct of this action;

    b. To the parties or officers of parties who are responsible for supervision or conduct of this action;

    c. To expert witnesses hired by the parties, who agree before disclosure to them that they are bound by each and every provision of this Order;

    d. To this Court and its personnel, including stenographic reporters regularly employed by the court;

    e. Witnesses subpoenaed or called to testify in deposition, and potential witnesses interviewed in connection with the prosecution of this case; and

    f. To stenographic reporters, not regularly employed by the court, who are engaged in such proceedings as are necessarily incident to the conduct to this action;

provided that all such persons and entities, other than Court personnel, to whom the information is disclosed agree to be bound by this Order and to make no further disclosure except as permitted by this Order and the counsel approving the disclosure to such person.

7. All Protected Discovery submitted to confidential treatment in accordance with the terms of this Order, which is filed with the Court, and any pleading, motion, or other paper filed with the Court containing any such Protected Discovery, shall be filed under seal and kept under seal until further Order of the Court; however, this information and paper shall be available to the Court and counsel of record.

8. The parties, and any persons, other than Court personnel, who receive access to any of the Protected Discovery or the information contained therein, shall return the Protected

Discovery, including all copies, to the producing party (who will then return such information to the owner of the information if the producing party is not the owner of the information) at the conclusion of the above captioned case. Each person governed by this Order shall continue to comply with its provisions after the conclusion of this case.

9. Any party or person violating this Order shall be subject to such sanctions as the Court deems appropriate. In addition, Defendant shall be entitled to all remedies at law or equity resulting from damage suffered by Defendant in connection with the improper disclosure of documents and/or information each party has designated in good faith as Protected Discovery. However, such remedies for breach of this agreement require proof that the documents and/or information were publicly disclosed, that the documents and/or information constitute confidential personnel information of Defendant, and that the disclosure therefore caused damages to Defendant.

10. The term "public disclosure" means the disclosure of documents and/or information to a person or entity without any reasonable expectation that such person or entity will keep such documents and/or information confidential. Use of Protected Discovery for the purpose of this litigation shall not constitute public disclosure. For example, to the extent that Protected Discovery or information contained therein is used in the taking of depositions, such use shall not constitute a waiver of such Protected Discovery or information contained therein, and shall not be considered publicly disclosed, and the Protected Discovery or information therein shall remain subject to the provisions of this Order. Furthermore, to the extent that Protected Discovery or information contained therein is used at a hearing or at trial or in motions presented to the Court, such use shall not constitute a waiver of such Protected Discovery or information contained therein and the Protected Discovery or information therein shall remain subject to the

provisions of this Order and shall not be considered publicly disclosed. Despite the fact that such use is not a waiver, if any party desires that such Protected Discovery be redacted for use by this Court or a jury, if applicable, to make such Protected Discovery or information therein less sensitive, then the parties will work in good faith to allow the provision of summaries, redacted versions, or other tools to protect such documents and/or information, including the sealing of certain exhibits presented to the jury. If the parties cannot reach an agreement regarding the protection of such documents and/or information, any party may move the Court within 21 days to address the issue. Public disclosure of information by the party who owns that information prior to commencement of this suit or during this suit is a defense to violation of this Protective Order with respect to that information.

_____
HONORABLE STEPHAN M. VIDMAR
U.S. Magistrate Judge